**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRVEN DOUGLAS ADAMS,

Defendant-Appellant.

No. 13-4103
(D.C. Nos. 2:08-CV-00774-DAK &
2:03-CR-00178-DAK-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **EBEL**, Circuit Judges.

Irven Douglas Adams appeals from the district court's order denying his

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  We

deny his motion to expand the certificate of appealability (COA) previously granted

by this court, and deny him a COA concerning his remaining claims.  We further

vacate in part the district court's decision denying his § 2255 motion, and his request

for an evidentiary hearing, and remand for an evidentiary hearing and further

proceedings as set forth herein.

---

[*]     Per this court's order of October 23, 2014, this matter has been submitted on
the briefs.  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## 1.  Motion to Expand COA

In his Combined Opening Brief and Application for a Certificate of Appealability, Mr. Adams requested a COA on six claims.  This court granted him a COA on the following four claims:

1. Whether trial counsel represented Mr. Adams under an actual conflict of interest, in violation of the Sixth Amendment.

2. Whether Mr. Adams' appellate counsel provided ineffective assistance by failing to adequately argue that he received a substantively unreasonable sentence.

3. Whether trial counsel provided ineffective assistance in connection with Mr. Adams' rejection of a plea bargain and decision to go to trial.

4. Whether trial counsel provided ineffective assistance by failing to object to instances of prosecutorial misconduct that Mr. Adams alleges cumulatively deprived him of a fundamentally fair trial.

Mr. Adams subsequently filed a motion seeking to expand the COA to include consideration of (1) claims or issues he contends are connected to or inherent in the claims on which we previously granted a COA; (2) all of the claims and issues included in his prior application for COA; and (3) claims he asserts could have been included in his prior application for COA but were omitted in order to meet the word-count limitations prescribed by the Federal Rules of Appellate Procedure.  His motion was assigned to the merits panel for resolution.

Upon consideration, we deny the motion to expand the COA.  We also deny Mr. Adams a COA on all issues raised in his previous application for COA, other than the four issues on which COA was previously granted.

A COA will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has denied a § 2255 motion on a procedural ground, a COA should issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having carefully considered Mr. Adams' Combined Opening Brief and Application for a Certificate of Appealability, his motion to expand the COA, the record, and the applicable law, we find no basis for granting a COA on the remaining issues he presented, and no basis to expand the COA previously granted to include additional claims.

To the extent Mr. Adams' motion represents a fifth request to exceed the word-count limitations for an opening brief prescribed in Fed. R. App. P. 32(a)(7)(B)(i) in order to present additional issues not previously presented, we deny the request. Mr. Adams' 72-page opening brief and application for COA contained 13,996 words. Of the 17 grounds for relief allegedly asserted in the § 2255 motion in district court, by our count he has already included all or part of 13 of them in his opening brief. Looked at another way, Mr. Adams' initial motion to file a 60,000-word brief requested additional briefing space to present nine issues. By our count, his opening brief raised all or part of eight of these nine issues. We discern no reason why, within the maximum word count prescribed, the discussion of the issues

that were presented could not have been abbreviated or consolidated in order to make room for those that were omitted.

Finally, we see no basis to expand the COA to include issues allegedly connected to or inherent in those for which a COA was already granted. The motion identifies two such issues: (1) claims of alleged prosecutorial misconduct that were discovered or more fully developed only after trial, and (2) additional issues surrounding trial counsel's conflict of interest. The motion does not specifically identify which claims of prosecutorial misconduct were discovered or more fully developed after trial. The most likely such issue seems to involve the government's alleged deals with witnesses. But the government has briefed the "undisclosed deals" issue as part of its response to the COA already granted. *See* Aplee. Br. at 32-41. As for the alleged issues pertaining to trial counsel's ineffectiveness, the requests for expansion either fall within the scope of the COA already granted, or are so broad that they would amount to a grant of a COA on all issues involving ineffective assistance of trial counsel, even those on which we have already denied a COA. In sum, the request to expand the COA to include issues allegedly connected to or inherent in those for which a COA was already granted is denied.

## 2. Remand for Evidentiary Hearing

In its response brief, the government requests that we remand this case to the district court for an evidentiary hearing concerning two of the claims on which a COA was granted: whether trial counsel operated under an actual conflict of interest,

- 4 -

and whether trial counsel provided ineffective assistance during plea negotiations. Mr. Adams opposes a remand, contending that the government has waived any request for an evidentiary hearing and that the undisputed facts already before the court establish that he is entitled to relief on these claims.

"Review in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing." *United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011) (brackets and internal quotation marks omitted). The district court is required to hold an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (en banc).

Although the government opposed Mr. Adams' request in district court for an evidentiary hearing on his claims, we do not deem this a waiver of its appellate argument in favor of such a hearing. In the district court, the government argued that in light of the allegations in his motion, Mr. Adams should not receive relief on his claims. By contrast, it now concedes that further factual development is needed before determining whether Mr. Adams should be granted or denied relief. The government is not attempting to better its own position by advancing an argument it failed to make in district court. Instead, it has adopted a position more favorable toward Mr. Adams' claims than it pursued in district court. Particularly in light of

- 5 -

the statutory preference for an evidentiary hearing, *see* § 2255(b), we see no basis for holding the government's argument waived here.

As for Mr. Adams' contention that no evidentiary hearing is needed because the existing record demonstrates his entitlement to relief, we disagree. As we will explain, an evidentiary hearing is required as to each of the claims identified by the government.

### A.  Trial Counsel's Conflict of Interest

Mr. Adams alleges the following facts in support of this claim. As part of the investigation that resulted in the drug charges against him, his girlfriend and co-defendant Cheridan Horrocks was charged with possession with intent to distribute methamphetamine. She entered into a plea agreement with the government that required her to cooperate by testifying in future proceedings. The government promised to recommend a downward departure at sentencing if her cooperation amounted to substantial assistance.

Prior to Mr. Adams' trial, his trial attorney David Leavitt allegedly interviewed Ms. Horrocks in prison and obtained information from her that was favorable to Mr. Adams. Although Mr. Leavitt had been advised to consult with counsel before interviewing cooperating witnesses, he failed to do so in Ms. Horrocks' case. During the interview, Ms. Horrocks informed Mr. Leavitt that she and Mr. Adams were common-law spouses. Mr. Leavitt allegedly prepared an

affidavit based on spousal privilege to keep her from testifying against Mr. Adams, which arguably would have violated her plea agreement with the government.

When the government brought this interview to the attention of Ms. Horrocks' attorney, Michael Jaenish, Mr. Jaenish was angered and threatened to file a bar complaint against Mr. Leavitt. At trial, Ms. Horrocks provided testimony against Mr. Adams as anticipated. But Mr. Adams alleges that Mr. Leavitt failed to cross-examine Ms. Horrocks in any meaningful way, even though her testimony was highly damaging to his defense and Mr. Adams claims she could easily have been impeached as a witness.

According to Mr. Adams, Mr. Leavitt explained his failure to cross-examine by stating that Ms. Horrocks was "too well prepared" and "antagonistic." Aplt. Opening Br. at 8. He promised to call her as an adverse witness in Mr. Adams' own case, when her step-mother's testimony would be available to counter her statements. But according to Mr. Adams, Mr. Leavitt never recalled Ms. Horrocks, never discredited her testimony, and never presented any of the positive information that she allegedly revealed to him during the prison interview.

Mr. Adams also alleges that on the day when Mr. Horrocks was scheduled to testify as part of his case, Mr. Leavitt and Mr. Jaenish engaged in a "shouting-match" about her testimony during a recess. *Id.* at 9. Mr. Jaenish called Mr. Leavitt unethical and threatened to go to the bar if he called Ms. Horrocks as a witness. Immediately after this recess, Mr. Leavitt informed the court he would not be calling

Ms. Horrocks.  When Mr. Adams asked him why not, Mr. Leavitt stated angrily that if she testified the prosecution would revoke her plea bargain and they would be responsible for her serving 40 years in prison.

Mr. Adams asserts that these facts reveal that Mr. Leavitt had two separate conflicts of interest that adversely affected his representation of Mr. Adams.  First, he was concerned for his own interests rather than Mr. Adams':  by calling Ms. Horrocks and presenting the information he obtained from the unauthorized interview, Mr. Leavitt would have risked damage to his personal reputation and a bar complaint from Mr. Jaenish.  Second, Mr. Leavitt was looking out for Ms. Horrocks more than Mr. Adams:  he "became more worried about preserving [Ms.] Horrocks' plea agreement than his own client." *Id.* at 12.

The Sixth Amendment guarantees the "right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981).  Generally, to prevail on an ineffective assistance claim the defendant must show that his counsel's performance was deficient and that prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).  But where counsel is burdened by an actual conflict of interest, prejudice is presumed, *id.* at 692, and "no further showing of prejudice is necessary." *United States v. Flood*, 713 F.3d 1281, 1286 (10th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 134 S. Ct. 341 (2013).

This presumption of prejudice arises, however, "only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an

- 8 -

actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)).[1] "An actual conflict of interest exists only if counsel was forced to make choices advancing interests to the detriment of his client." *Workman v. Mullin*, 342 F.3d 1100, 1107 (10th Cir. 2003) (ellipsis and internal quotation marks omitted). In other words, there must be more than a potential conflict of interest or "a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). Moreover, to prevail, the defendant "has the burden of showing specific instances to support [his] claim of actual conflict of interest." *Flood*, 713 F.3d at 1287 (brackets and internal quotation marks omitted).

Having carefully considered Mr. Adams' petition, we conclude that the district court abused its discretion when, without holding an evidentiary hearing, it denied his claim that his counsel was laboring under an actual conflict of interest at trial. Mr. Adams' claim, if believed, would entitle him to relief under § 2255. But evidentiary questions remain, for example, concerning whether the alleged instances of ineffective representation were the result of the conflict of interest or strategic choices by his attorney. Accordingly, an evidentiary hearing is needed concerning this claim.

---

[1] "[T]he Supreme Court has never applied *Cuyler*'s presumption of prejudice outside the context of a multiple representation claim." *Flood*, 713 F.3d at 1286 n.1. But this court has applied the presumption in other contexts, most notably to "a conflict-of-interest claim based on a third-party fee arrangement." *Id.* Accordingly, we will assume that the standard applies under the circumstances of this case.

## B. Ineffectiveness in Plea Bargaining

Turning to Mr. Adams' issue concerning his counsel's ineffectiveness in plea bargaining, Mr. Adams alleges the government offered him a plea bargain featuring a 20-year sentence. His evaluation of the risk of going to trial depended in part on the mandatory minimum sentence he faced if convicted. He believed he faced a 10-year mandatory minimum sentence. But he also knew that if the government had filed a notice under 21 U.S.C. § 851 (the "851 notice"), his mandatory minimum would be doubled, to 20 years.

Mr. Adams says he specifically asked his counsel whether an 851 notice had been filed, and counsel told him no. But in fact, the government filed an 851 notice on March 10, 2004. It is not clear, however, whether the government filed the notice before or after counsel conferred with Mr. Adams about the plea offer. Mr. Adams claims that but for his counsel's alleged error, he would likely have accepted the plea. He also claims the district court would likely have approved the terms of the plea, because it was in line with those approved for his co-defendants, which the district court accepted. Finally, Mr. Adams contends that he was prejudiced because after trial he received a life sentence instead of 20 years.

A defendant is entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The two-part *Strickland* test applies to challenges involving rejection of a plea offer resulting in a conviction at trial and a more severe sentence. *Id.* "The performance prong of

*Strickland* requires a defendant to show that counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks omitted).

The defendant must also demonstrate prejudice. To demonstrate prejudice in this context, the defendant must show three things:

> [(1)] that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [(2)] that the court would have accepted its terms, and [(3)] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

As the government points out, there is significant need for further evidentiary development concerning this issue. Mr. Adams alleges basic facts that could show his entitlement to relief. But it is not clear when the government's plea offer was made, how long it was good for, and when Mr. Adams discussed it with his attorney. If the offer was made, discussed, and rejected before the government filed its 851 notice, Mr. Leavitt did not advise Mr. Adams incorrectly about the existence of the notice, and he has therefore likely failed to establish deficient performance.

Concerning prejudice, Mr. Adams must show that if correctly advised, there is a reasonable probability that he would have accepted the plea. He has alleged that if correctly informed concerning the minimum sentence he faced if convicted after a trial, he would have viewed the government's offer differently, and changed his mind concerning the value of the deal. Further factual development concerning his

- 11 -

willingness to accept the plea is required.  The government also argues that a hearing is needed to determine whether the government would have withdrawn the offer and whether the district court would have accepted it.

In sum, Mr. Adams has advanced a claim which, if believed, would entitle him to § 2255 relief.  *See Weeks*, 653 F.3d at 1206.  But an evidentiary hearing is needed to determine whether his allegations are true.  The district court abused its discretion by denying him an evidentiary hearing concerning this claim.

### C.  Other Issues

We further vacate the district court's decision concerning the remaining two claims on which we have granted a COA.  Although Mr. Adams has not made as strong a showing concerning these claims as he has concerning his conflict-of-interest and plea-bargaining claims, he has articulated facts which, if proved, could entitle him to relief.  Further, we are not persuaded that the record conclusively shows that Mr. Adams is not entitled to relief on these claims.  We note that disposition of the conflict-of-interest and plea-bargain claims may moot these remaining claims.  We leave it to the district court to determine to what extent further factual development is needed concerning these claims and to what extent the evidentiary hearing we have granted should encompass these other claims.

Mr. Adams has also challenged the district court's order denying him discovery.  To the extent it determines further discovery is needed in connection with

the evidentiary hearing, the district court should reconsider its previous denial of discovery.

### 3. Proceedings on Remand

On remand, the district court should hold the evidentiary hearing we have prescribed and such other proceedings as are necessary. Following the hearing, it should enter a new decision concerning the four claims identified above.

### 4. Conclusion

Mr. Adams' motion to expand the certificate of appealability (COA) previously granted by this court is denied, as is his application for a COA concerning his remaining claims. We vacate that portion of the district court's orders denying his § 2255 motion, and his request for an evidentiary hearing, concerning the four claims on which we granted him a COA. This case is remanded for an evidentiary hearing, any necessary discovery in connection with that hearing, and further proceedings concerning those claims, in accordance with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge